**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4307**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

ROBERT LEE EARNEST,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge. (5:01-cr-00217-1)

_____

Submitted:  July 10, 2008          Decided:  August 12, 2008

_____

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Lex A. Coleman, Assistant Federal Public Defenders, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Gerald M. Titus, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Lee Earnest appeals the district court's judgment revoking his supervised release and imposing a twenty-four month prison term. On appeal, Earnest does not contest the district court's finding that he violated the conditions of his supervised release or the court's revocation of supervised release, but he contends his sentence is plainly unreasonable because it does not further the purposes of supervised release. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). In making this determination, we first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. This initial inquiry involves a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).

While the district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C.A. §§ 3553(a), 3583(e) (West 2000 & Supp. 2008), the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory

maximum. <u>Crudup</u>, 461 F.3d at 438-39. Moreover, when sentencing a repeat violator, it is appropriate for the district court "to take account of the fact that the policy statement range is based only upon the severity of the single most severe violation." <u>Moulden</u>, 478 F.3d at 658. Only if we find the sentence unreasonable, do we ask whether it is "plainly" so. <u>Crudup</u>, 461 F.3d at 439.

We have reviewed the record and find Earnest's sentence is both within the prescribed statutory range and reasonable. In imposing its sentence, the district court considered the policy statement range and the relevant statutory requirements and factors, and the court reasonably determined a prison sentence of twenty-four months with no further period of supervised release was appropriate in this case. The court also granted Earnest's request that he be recommended for any and all appropriate substance abuse treatment programs offered by the Bureau of Prisons.

Earnest requested a prison sentence at or below the policy statement range, coupled with a condition that he continue to get some type of substance abuse treatment through an extended period of supervised release. However, Earnest had already been given the opportunity to complete such treatment and to comply with his supervised release conditions but he failed to do so. The district court found that Earnest had failed drug tests on multiple occasions for a significant number of different drugs. He failed to complete the inpatient treatment program as ordered by failing

- 3 -

to abide by its rules, and he employed deception to maintain his addiction. The district court reasonably concluded that drug treatment was not an appropriate alternative to revocation and that Earnest was not amenable to supervision by the probation office.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>